UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:17-cr-00030-JPH-CMM-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| MONTAE BAILEY | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:17-cr-00030-JPH-CMM |
| | ) |
| MONTAE BAILEY, | ) -1 |
| | ) |
| Defendant. | ) |

**ORDER**

Defendant Montae Bailey has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. [90]. For the reasons explained below, his motion is **DENIED**.

**I.     Background**

In 2020, Mr. Bailey pled guilty to one count of distribution of 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. § 841(a)(1). Dkts. 63, 64. The Court sentenced Mr. Bailey to 180 months of imprisonment, followed by 5 years of supervised release. Dkt. 64 at 2–3. According to the Bureau of Prisons ("BOP") website, Mr. Bailey's anticipated release date (with good-conduct time included) is July 21, 2030.[1]

Mr. Bailey has filed his second motion for compassionate release *pro se*. Dkt. 90. Mr. Bailey argues that he establishes extraordinary and compelling

---

[1] *See* https://www.bop.gov/inmateloc/ (last visited April 1, 2024).

2

reasons for compassionate release because (1) he wishes to be at home to provide care for his 100-year-old grandmother, Georgia Bailey; (2) the COVID-19 pandemic has resulted in harsh conditions of incarceration, and (3) multiple changes in the law have produced a gross disparity between the sentence he is serving and the sentence he would receive today.  Dkt. 90.  The United States has filed an opposition to the motion.[2]  Dkt. 94.  The motion is now ripe for the Court's review.

## II.     Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified.  18 U.S.C. § 3582(c).  Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction.  18 U.S.C. § 3582(c)(1)(A)(i).  The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute.  *United States v. Gunn,* 980 F.3d 1178, 1180–81 (7th Cir. 2020).  The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker,* 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction," *United States v. Newton,* 996 F.3d 485, 488 (7th Cir. 2021).  On

---

[2] Mr. Bailey did not file a reply brief in support of his motion and the time for doing so has passed.

3

this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release.  *See* U.S.S.G. § 1B1.13 (Nov. 2023).

A.   **Extraordinary and compelling reasons**

Mr. Bailey first argues that he should be released so that he can be at home to care for Georgia Bailey. Dkt. 90 at 4–6.  Mrs. Bailey lives alone and is in need of a caregiver because she suffers from multiple serious health conditions.  Dkt. 90-1 at 14.

One of the enumerated bases that may constitute an extraordinary and compelling reason for compassionate release involves the inmate's family circumstances.  Relevant here, an extraordinary and compelling reason exists where:

> (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
>
> (D) The defendant establishes that circumstances similar to those listed in paragraph[] . . . (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

U.S.S.G § 1B1.13(b)(3).

Here, Mrs. Bailey states in an affidavit that Mr. Bailey is the only person available to care for her.  Dkt. 90-1 at 14.  The pre-sentence investigation report ("PSR"), however, identifies other family members, including Mr. Bailey's

4

adult son. And Mr. Bailey's prior motion for compassionate release explained that his sister was caring for Mrs. Bailey, although Mrs. Bailey says his sister does not do a "good job." Dkt. 82 at 5. Mr. Bailey "bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). Yet he provides no explanation for why his other family members, including his son and his sister, cannot care for his grandmother. Therefore, Mr. Bailey has not met his burden to show that he is the only available caregiver for Mrs. Bailey.

It is understandable that Mr. Bailey and Mrs. Bailey would prefer that Mr. Bailey be available to care for her. Unfortunately, many inmates have elderly or ill family members for whom they would like to provide care. The desire to care for a relative in need, however, is not an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Eldridge*, 2022 WL 2392962, *3 (S.D. Ind. 2022).

Mr. Bailey next argues that the conditions in BOP created by the COVID-19 pandemic, including frequent lockdowns, as well as lack of proper personal protective equipment, adequate food, hygiene facilities, and access to recreation and family visits, has subjected him to unduly harsh terms of incarceration. Dkt. 90 at 7. However, Mr. Bailey does not present any evidence that his situation is extraordinary as compared to other inmates. *See United States v. Khelifi*, No. 21-3144, 2022 WL 3925623, at *1 (7th Cir. Aug. 31, 2022) (finding no extraordinary and compelling circumstances where prisoner did not provide individualized evidence for his argument that his prison mishandled the risks

of the pandemic). Every inmate at the facilities in which Mr. Bailey has served his sentence, and indeed, many inmates across the country, have dealt with similar issues due to the pandemic over the past few years. To the extent that Mr. Bailey challenges his conditions of confinement generally, "a compassionate-release motion is not the right vehicle." *See United States v. Miller*, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022).

Thus, the Court declines to exercise its discretion to find that Mr. Bailey carried his burden to show that confinement conditions created by the COVID-19 is an extraordinary and compelling reason for release, whether considered alone or in conjunction with any other reason.

Mr. Bailey next contends that the disparity between the sentence he received and the sentence he might receive if he was sentenced today establishes an extraordinary and compelling reason to release him for three reasons: (1) he would not be subject to a mandatory minimum because of a change in Department of Justice policy, dkt. 90 at 10–11, (2) he would no longer be considered a career offender under the United States Sentencing Guidelines, *id.* at 11–13, and (3) based on a recent Seventh Circuit decision, insufficient evidence was produced at sentencing to prove the purity of the methamphetamine for which he was charged and convicted, and his sentence therefore should not have been enhanced because the drugs were considered to be "ice," *id.* 13–15.

For several years, the Seventh Circuit has consistently held that non-retroactive statutory changes and new judicial decisions are not extraordinary

6

and compelling reasons for granting compassionate release, whether considered alone or in combination with any other factors.  *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (holding that a non-retroactive change to statutory mandatory minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i) and that a district court cannot consider such a change, whether alone or in combination with any other factor, when determining whether a defendant has established extraordinary and compelling reasons potentially warranting a sentence reduction).  As summarized by the Seventh Circuit:

> When deciding whether "extraordinary and compelling reasons", 18 U.S.C. § 3582(c)(1)(A)(i), justify a prisoner's compassionate release, judges must not rely on non-retroactive statutory changes or new judicial decisions. . . . *There's nothing "extraordinary" about new statutes or caselaw*, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. § 2255.

*United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022) (emphasis added); *see also United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir. 2023) ("Judicial decisions, whether characterized as announcing new law or otherwise, cannot alone amount to an extraordinary and compelling circumstance allowing for a sentence reduction").

Under the *Thacker* line of cases, any potential sentencing disparity clearly does not qualify as an extraordinary and compelling reason warranting a sentence reduction.  *United States v. Jones*, 2022 WL 3999978, at *2 (7th Cir. Sept. 1, 2022) ("[D]istrict courts must not rely on non-retroactive statutory

7

changes to the law or new judicial decisions when deciding whether a defendant has shown an extraordinary and compelling reason for release.").

The Court recognizes that, effective November 1, 2023, the United States Sentencing Commission amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release.[3] One such new circumstance is related to defendants who received an "unusually long sentence":

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

Here, Mr. Bailey has not yet served 10 years of his term of imprisonment and, thus, cannot rely on that section to establish extraordinary and compelling reasons potentially warranting a sentence reduction. Mr. Bailey has not carried his burden to show that the fact that he might receive a lower sentence if sentenced today establishes an extraordinary and compelling reason to release him, whether considered alone or together with any other reason.

---

[3] *See* https://www.ussc.gov/guidelines/ amendments/adopted-amendments-effective-november-1-2023 (last visited April 2, 2024).

Last, Mr. Bailey argues that he would receive a substantially lower sentence if he were sentenced today, pursuant to a memorandum on charging decisions and mandatory minimums issued by Attorney General Merrick Garland in December 2022. Dkt. 90 at 11, 90-1 at 18-23. However, the memorandum does not forbid federal prosecutors from charging offenses that carry mandatory minimum sentences, dkt. 94 at 7. And the DOJ memo does not have the force of law, so it does not constitute a change in the law. *Id.* Mr. Bailey has therefore failed to show that it establishes an extraordinary and compelling reason to release him, whether considered alone or together with any other reason.

### B.     18 U.S.C. § 3553

Even if Mr. Bailey had shown that one or more of his arguments established an extraordinary and compelling reason, the Court would nevertheless find that Mr. Bailey is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor.[4] In his favor, Mr. Bailey will have a place to live and the support of his family upon his release. Weighing against him, Mr. Bailey's crimes were

---

[4] These factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

serious, and he has a lengthy criminal history which includes multiple felony convictions, including Dealing in Cocaine, Dealing in Methamphetamine, and Dealing in Marijuana.  Dkt. 39 ¶¶ 35, 37, 40.  Mr. Bailey committed the underlying offense in this matter while he was still "under a criminal justice sentence" for prior state court convictions.  *Id.* at 10.  And he has on numerous past instances violated conditions of court-ordered probation, resulting in revocation of probation.  *Id.* ¶¶ 30, 32, 37, 40.  Finally, Mr. Bailey has served less than half of his sentence and is not scheduled to be released for six more years; releasing him now would be a substantial and unwarranted reduction in his sentence.

Considering these facts, the Court finds that releasing Mr. Bailey early would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes.  *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion . . . is enough; more would be otiose.").

### III.   Conclusion

For the reasons stated above, Mr. Bailey's motion for compassionate release, dkt. [90], is **denied**.

**SO ORDERED.**

Date: 10/7/2024

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel


Montae Bailey
Register Number: 16116-028
FCI Milan
Federal Correctional Institution
P.O. Box 1000
Milan, MI 48160